# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 6, 2011

Lyle W. Cayce
Clerk

No. 11-40207

WILLIAM KENON, JR.; PALM STREET PIER, INCORPORATED,

Plaintiffs-Appellants

v.

CITY OF SOUTH PADRE ISLAND, A Municipal Corporation,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:09-CV-81

Before HIGGINBOTHAM, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

This appeal comes from plaintiffs whose claims, the district court observed, "have been in a constant state of metamorphosis." At various stages of this lawsuit, and in three versions of their complaint, the plaintiffs have alleged violations of the First, Fifth, and Fourteenth Amendments, as well as of Texas state law. Some plaintiffs have been added; others severed. At one point, the plaintiffs sought class action certification, then abandoned that request. To quote the district court again: "Substituted parties; shifting, vanishing, and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

modified claims; and difficult-to-ascertain and -deduce pleadings have become the norm in this action rather than the exception."

On appeal, plaintiffs evidently have narrowed their focus to their First Amendment claim, thus waiving any due process, equal protection, or other argument.[1] We find that the plaintiffs lack constitutional standing to bring the First Amendment claim, and we therefore VACATE the district court's summary judgment rulings on that claim and REMAND to the district court with instructions to DISMISS that claim for lack of standing.

I.

The plaintiffs in this action are William Kenon and Palm Street Pier Incorporated (hereinafter collectively referred to as "Kenon"). William Kenon owns National Seafoods Incorporated, which in turn owns Palm Street Pier Incorporated. Palm Street Pier Incorporated owns a restaurant, the Palm Street Pier Bar and Grill, on the west-facing beach of South Padre Island, Texas. Kenon brings this suit against the City of South Padre Island ("the City") pursuant to 42 U.S.C. § 1983.

The facts relevant to Kenon's First Amendment claim are simply stated. Kenon wants to moor a boat at the docks behind the Palm Street Bar and Grill and place an advertisement for the restaurant on the boat's bow in view of pedestrians and vehicles traveling west on Palm Street. Kenon has not disputed that the boat's bow would be located over submerged land owned by the State of Texas and managed by the Texas General Land Office. In this case, Kenon brings a First Amendment challenge to various City ordinances regulating public signage.[2]

---

[1] *See Life Partners Inc. v. United States*, 650 F.3d 1026, 1033 n.2 (5th Cir. 2011); *United States v. Dominguez-Chavez*, 300 F. App'x 312, 313 (5th Cir. 2008) (per curiam) (unpublished).

[2] It is not clear precisely which ordinances Kenon is challenging. The operative complaint includes as an exhibit Section 15-8 of the City of South Padre Island Code of

No. 11-40207

William Kenon filed a complaint on March 24, 2009, along with two other plaintiffs. In that complaint, he alleged due process and equal protection violations. The district court, without opposition from any party, severed the action into three separate lawsuits. At the time of the severance, the plaintiffs successfully moved the court to grant them leave to file an amended complaint, which they did on October 6, 2009. Aside from adding Palm Street Pier Incorporated as a co-plaintiff, the first amended complaint made only cosmetic changes to the original complaint with respect to Kenon's claims.

On March 22, 2010, the district court granted in part the City's motion to dismiss. The court allowed Kenon's equal protection claim to proceed but dismissed his due process and state law claims. Six months later, the court granted Kenon's motion for leave to file a second amended complaint but subjected the new complaint to scrutiny. Going line by line, the court allowed only "amendments that further elaborate on previously advanced factual predicates or retract previous allegations and in the process distill issues already advanced and objected to by the defendants." The court denied "amendments that allege new factual circumstances never previously alleged as well as legal claims never before advanced." Among the amendments allowed was the addition of "commercial speech" and "freedom of expressions" [sic] to the list of rights that the City allegedly violated. These were the origins of the First Amendment claim that is the sole issue on appeal.

Still, the district court "always understood this case to almost entirely arise from the Fourteenth Amendment," so it was "surprising" when on November 2, 2010, Kenon filed a motion for partial summary judgment that

---

Ordinances. Section 15-8, titled "Signs Exempt from Regulation," lists categories of signs to which the City's sign ordinances "shall not apply." Elsewhere in the complaint, however, plaintiffs quote liberally from several other sections of the Code's chapter on signs (Chapter 15). Plaintiffs also included the entirety of Chapter 15 as an exhibit attached to their motion for partial summary judgment. Meanwhile, their brief on appeal refers only to three sections of Chapter 15. For the reasons set out in this opinion, specifying which ordinances are at issue is immaterial.

focused "almost exclusively . . . on its sign ordinance claims." The City filed its own motion for summary judgment the same day, to which the plaintiffs did not respond.[3] On January 19, 2011, the district court granted the City's motion for summary judgment and denied the plaintiffs' motion for partial summary judgment. Plaintiffs timely appealed.

Plaintiffs' brief on appeal is devoted exclusively to First Amendment arguments, thereby limiting our review to that claim and its relevant facts.[4] Before we reach its merits, however, we must assess plaintiffs' standing to bring the claim.[5]

## II.

This Court reviews questions of standing de novo,[6] but we review for clear error any facts that the district court expressly or impliedly found in the course of determining jurisdiction.[7]

## III.

To meet the Article III standing requirement, a plaintiff must show "(1) an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent; (2) a causal connection between the injury and the conduct complained of; and

---

[3] The plaintiffs did file a memorandum in support of their motion for partial summary judgment on December 2, 2010, with new affidavits attached. But November 2, 2010, had been the district court's deadline for dispositive motions. The district court granted the City's motion to strike the plaintiffs' memorandum from the record, and the plaintiffs' do not challenge that determination on appeal.

[4] In fact, even some components of the First Amendment claim are not presented for review on appeal. Plaintiffs waive their as-applied arguments, as well as their prior complaints about the Development Design Review Board.

[5] *See Cole v. Gen. Motos Corp.*, 484 F.3d 717, 721 (5th Cir. 2007).

[6] *See McKinley v. Abbott*, 643 F.3d 403, 406 (5th Cir. 2011).

[7] *See Cole*, 484 F.3d at 721.

(3) the likelihood that a favorable decision will redress the injury."[8]  Even in First Amendment facial challenges – when federal courts relax prudential limits on standing to allow ostensibly unharmed plaintiffs to bring overbreadth complaints – "Article III standing retains rigor."[9]

This Court has held that "'[c]hilling a plaintiff's speech is a constitutional harm adequate to satisfy the injury-in-fact requirement,'"[10] but the plaintiffs here do not, and cannot, show that the sign ordinances have a chilling effect on their desired speech.  The defect in the plaintiffs' standing is that the only potential speech at issue in this case – advertising on the side of a moored boat – would take place outside the City's jurisdiction.  Thus, the ordinances have no effect whatsoever on the plaintiffs' proposed advertisement.

The district court did not err in finding that the boat's bow would be on State-owned and -managed land rather than City land.  The plaintiffs acknowledged that possibility in their complaint,[11] and they do not contest the district court's finding on appeal.  The district court's determination was based on (1) Kenon's concession in a deposition that his proposed vessel sign would be "approximately 35 feet outside the city limits," (2) Kenon's visual representation of where the vessel would be located, and (3) a sworn affidavit from the City Attorney stating that the proposed mooring would be outside the City's limits.  Plaintiffs have not disputed this evidence, and they do not argue that the district

---

[8] *Croft v. Governor of Tex.*, 562 F.3d 735, 745 (5th Cir. 2009) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

[9] *Fairchild v. Liberty Indep. Sch. Dist.*, 597 F.3d 747, 754 (5th Cir. 2010).  Because we find constitutional standing lacking, we need not reach prudential standing considerations. In any event, plaintiffs do not complain that the City's sign ordinances are overbroad.  *Cf. Bates v. State Bar*, 433 U.S. 350, 379-81 (declining to apply overbreadth analysis to professional advertising).

[10] *Id.* at 754-55 (quoting *Houston Chronicle Publ. Co. v. City of League City*, 488 F.3d 613, 618 (5th Cir. 2007)).

[11] "If the boat would be outside the city limits, then the Texas Government Land Office, not the city, might have jurisdiction over the matter." Second Amended Complaint at 9.

court clearly erred in relying on it.  Thus, we accept the district court's finding that the proposed speech would not be subject to the City's sign ordinances, and therefore Kenon does not meet any prong of the Article III standing inquiry.

## IV.

Because the challenged sign ordinances would not apply to the plaintiffs' advertising, the district court's summary judgment rulings on the First Amendment claim are VACATED and REMANDED with instructions to DISMISS that claim for lack of standing.